UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD COMENOUT, JR., ROBERT COMENOUT, JR., DOROTHY HARRIS STEWARD, DONALD HARRIS, DIANE HARRIS, JACK HARRIS, JAMES HARRIS, DONALD HARRIS ESTATE, CAROL ANN HARRIS, FLUORNOY HARRIS, and VERNON HARRIS,

Plaintiffs,

v.

CITY OF PUYALLUP, a municipal corporation,

Defendant.

CASE NO. C07-5182

ORDER TO SHOW CAUSE

This matter comes before the Court on the Defendant City of Puyallup's Motion for Summary Judgment (Dkt. 59) and Plaintiffs' Motion for Summary Judgment (Dkt. 60). The Court has reviewed the pleadings filed in support and in opposition to these motions, and the remaining record.

## I. **FACTS**

On April 17, 2007, Plaintiff Edward Comenout, Jr. filed this action challenging the City of Puyallup's attempts at enforcing municipal rules and regulations regarding billboards on property located at 908 River Road East, Puyallup, Washington. Dkt. 1. Plaintiff alleged that although not located on a reservation, the subject property is Indian land. *Id.*

On April 21, 2008, Plaintiff Edward Comenout, Jr. moved to amend his complaint, arguing that he should be permitted to join certain necessary parties. Dkt. 45. He alleged that

ORDER-1

he has an interest in the property as an heir of Edward Comenout, Sr., as do the other heirs: Robert Comenout, Jr., Dorothy Harris Steward, Donald Harris, Diane Harris, Jack Harris, James Harris, Donald Harris Estate, Carol Ann Harris, Fluornoy Harris, and Vernon Harris. *Id.* Mr. Comenout argued the Bureau of Indian Affairs was also a necessary party as the property is held in trust by BIA. *Id.* Plaintiff's motion was granted, and Plaintiff Edward Comenout was ordered to serve the necessary parties in accord with the Federal Rules of Civil Procedure. Dkt. 48. Plaintiff filed an Amended Complaint on May 23, 2008. Dkt. 49. The Amended Complaint adds Robert Comenout, Jr., Dorothy Harris Steward, Donald Harris, Diane Harris, Jack Harris, James Harris, Donald Harris Estate, Carol Ann Harris, Fluornoy Harris, and Vernon Harris as Plaintiffs. *Id.* The Bureau of Indian Affairs was named as an additional Defendant. *Id.* Plaintiffs sought the following relief:

> A declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendants have no land use jurisdiction over lands owned by Plaintiff, a member of the Quinault Tribe, and held in trust by the federal government and, more specifically, that Defendants have no jurisdiction to impose zoning and building code regulations on Plaintiffs' use of the property. Appropriate injunctive relief during the pendency of this matter and thereafter prohibiting Defendants from imposing its zoning and building regulations on Plaintiffs' use of the property or otherwise obstructing his use thereof.

*Id.,* at 5.

On August 27, 2008, the Bureau of Indian Affair's motion to be dismissed as a Defendant was granted. Dkt. 56. Plaintiffs failed to show that the United States had waived its immunity from suit. *Id.*

Parties now file cross motions for summary judgment. Dkt. 59 and 60. Plaintiff argues that the subject property is restricted "Indian land or tribal trust land" and as such the City does not have jurisdiction to impose its zoning or building code regulations on the use of the property. Dkt. 60. In their response to Plaintiffs' motion for summary judgment, the City concedes that the "Bureau of Indian Affairs considers the property to be land held in trust for the benefit of Indians." Dkt. 62, at 2. Defendant further "acknowledges that such land held in trust is not subject to local building codes." *Id.* at 3. Defendant asserts that this alone does not entitle Plaintiffs to the relief that they seek. *Id.* Defendants argue that Plaintiff Edward Comenout, Jr. has failed to join all necessary parties in the litigation and that even if he had,

ORDER-2

Plaintiffs lack standing under Article III to pursue this action. Dkts. 62 and 59. Plaintiff Edward Comenout responds, stating that

> [W]ith respect to the other fractional co-owners of the Comenout property, personal service upon each one is currently being done. Documentation certifying service upon these other fractional co-owners will be sent to the Court as soon as it is completed. However, all co-owners were previously served months ago by certified mail, and they are well aware of this litigation and have chosen for Edward Comenout and Robert Comenout to be their representatives and to speak on their behalf as family members.

Dkt. 61, at 2.

Plaintiffs provide a supplemental response, attaching eight waivers of service. Dkt. 63, at 5-12. Each of the waivers of service contain the address of the party to be served as c/o 908 River Road Puyallup, WA 98371. *Id.* This is the address of the subject property, yet there is no evidence that any of these parties lives there.

The City replies, and argues that Plaintiff Edward Comenout, Jr. and Robert Comenout have still not properly joined all necessary parties. Dkt. 65. The City argues that Plaintiffs' counsel, Mr. Mahr, has made knowing and intentional misrepresentations to the Court regarding these required parties. *Id.* at 4. The City argues that failure to inform all of the co-owners of the property of this litigation is not harmless error and may subject the Court's judgment to collateral attack. *Id.*

Mr. Mahr filed a pleading in which he states that Edward and Robert Comenout told him that "their relatives were aware of the lawsuit and had chosen Edward and Robert Comenout to speak for them." Dkt. 66, at 2. Mr. Mahr states that he asked if there had been "any previous problems" they replied none. *Id.* He states that he was "surprised" to learn that Ms. Harris-Steward had brought a lawsuit against the Comenouts. *Id.* He further states "had I known of a previous problem, I would have approached it differently than sending letters to all parties and waiver of service forms. I apologize to the court for any errors." *Id.*

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(7), a motion to dismiss may be made for failure to join required parties under Fed. R. Civ. P. 19. In addressing the City's motion to dismiss Plaintiffs'

ORDER-3

claims for failure to join required parties, the proper approach is first to decide whether all parties who have an interest in the property are "required" parties who should normally be joined under the standards of Rule 19(a). *Cachil Dehe Band of Wintun Indians of Coluse Indian Community v. California,* 536 F.3d 1034, 1040 (9th Cir. 2008) (*internal citations omitted*). Under Rule 19 (a) (1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Based upon Plaintiffs' submission of the waivers of service, it is unclear who has an interest in the subject property, whether each party has been properly served, and if they have not been properly served, whether each of these parties is "subject to service of process." In any event, this opinion will now examine the sufficiency of the waivers of service Plaintiffs filed.

The waiver of service as to Plaintiff Robert Comenout, Jr. is signed, and appears to be in order. Dkt. 63, at 12.

There is no waiver of service for purported Plaintiff Dorothy Harris Steward. The City points out that in 2006, Dorothy Harris Steward sued Edward Comenout, *et al.*, for the nonpayment of her portion of the lease income from the subject property. *Steward v. Comenout, et al*, Western District of Washington cause number 06-5103FDB. The case was voluntarily dismissed. *Id.* at Dkt. 5.

The waiver for Donald Harris has the term "deceased" on the signature line. Dkt. 63, at 10. The waiver for Donald Harris Estate has printed "Bureau of Indian Affairs, Secretary of Interior," and nothing more on the signature line. *Id.,* at 9. The waiver for Diane Harris is signed by a Diane Brown. *Id.,* at 11. The waiver for Jack Harris contains the term "deceased" on the signature line. *Id.,* at 6. There is no waiver of service for James Harris. The waiver for Carol Ann Harris is signed Carol Harris Young. *Id.,* at 5. The phrase "whereabouts unknown"

ORDER-4

appears on the signature line of Fluornoy Harris's waiver. *Id.* at 8. The phrase "incarcerated state of Virginia" appears on the signature line of Vernon Harris's waiver. *Id.* at 7.

Plaintiffs Edward Comenout, Jr. and Robert Comenout appear to be the only parties properly joined in this matter. The waiver of service forms for Carol Ann Harris and Diane Harris were signed by Carol Harris Young and Diane Brown respectively. *Id.,* at 5 and 11. No showing has been made that other named Plaintiffs or their estates, including known or unknown heirs of Donald Harris or Jack Harris, have been properly joined and served.

Under Fed. R. Civ. P. 19 (a)(2), "if a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Plaintiffs should be ordered to join all parties with an interest in the subject property or make a showing under Fed. R. Civ. P. 19(b). (Fed. R. Civ. P. 19(b) addresses when joinder of a required party is not feasible. No showing has been made under Fed. R. Civ. P. 19(b) as yet). In accordance with Fed. R. Civ. P. 19, the Court should order Plaintiffs to show cause why all parties with an interest in the subject property have not be properly joined pursuant to the Fed. R. Civ. P. by November 4, 2008 or have the case dismissed without prejudice. The pending motions for summary judgment (Dkts. 59 and 60) reach the merits of this case. In the interest of fairness, these motions should be renoted to November 7, 2008.

### III. ORDER

It is hereby **ORDERED** that:

- Plaintiffs are **ORDERED TO SHOW CAUSE WHY** all parties with an interest in the subject property have not be properly joined pursuant to the Fed. R. Civ. P. by November 4, 2008 or have the case dismissed without prejudice;

- Defendant City of Puyallup's Motion for Summary Judgment (Dkt. 59) and Plaintiffs' Motion for Summary Judgment (Dkt. 60) is **RENOTED TO NOVEMBER 7, 2008**; and

ORDER-5

1 • The Clerk of the Court is directed to send copies of this Order to all parties that have
2 appeared in this action.
3 DATED this 7th day of October, 2008.

_____
ROBERT J. BRYAN
United States District Judge

ORDER-6